UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 22-20-JWD-SDJ |
| | : | |
| MOHAMMAD ALAM | : | |

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Mohammad Alam ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

### A. THE DEFENDANT'S OBLIGATIONS

#### 1. Guilty Plea

The defendant agrees to enter a plea of guilty to a Bill of Information charging him with Misprision of a Felony in violation of 18 U.S.C. § 4.

#### 2. Financial Information

The defendant agrees to fully and truthfully complete the financial statement provided to his by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, the defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by the defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

3. **Waiver of Indictment**

The defendant agrees to waive indictment in open court at arraignment.

B. **UNITED STATES' OBLIGATIONS**

1. **Non-prosecution of Charges**

The United States agrees that, if the Court accepts the defendant's guilty plea, it will not prosecute the defendant for any offense related to the offense charged in the Bill of Information.

2. **Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

## C. SENTENCING

### 1. Maximum Statutory Penalties

The maximum possible penalty for the sole count in the Bill of Information is a term of imprisonment of up to 3 years, a fine of up to $250,000, or both, and a term of supervised release of up to one year.

In addition to the above, the Court must impose a special assessment of $100 which is due at the time of sentencing. The Court may also order restitution.

### 2. Supervised Release

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to one year, without credit for any time already served on the term of supervised release.

### 3. Sentencing Guidelines

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4. **Agreement Regarding Sentencing**

The defendant and the United States agree, pursuant to 18 U.S.C. § 3663(a)(3), that the Court shall not be limited to the count of conviction for purposes of ordering restitution. As a condition of this plea agreement, the defendant agrees that the court will order that restitution be paid to the victims in an amount to be determined by the Court for his conduct. Otherwise, except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

D. **FACTUAL BASIS**

The United States and the defendant stipulate to the following facts:

In approximately March of 2018, MOHAMMAD ALAM, the defendant herein, had knowledge of the commission wire fraud, failed to notify an authority as soon as possible, and affirmatively acted to conceal the crime.

The defendant was a New York-based individual who became involved in a computer technical support fraud scheme that targeted elderly victims throughout the United States including in the Middle District of Louisiana. The scheme targeted over 32 victims and took in over $340,000 in fraudulent proceeds. Throughout the course of the wire fraud scheme, hundreds of thousands of dollars, scammed from elderly victims, was sent to the defendant's personal and business accounts. From there the defendant distributed the funds to other members of the scheme.

The scheme involved participants in the United States, Bangladesh, and India. The call center, located in India, told the victim that they could fix the victim's computer for a fee. The call center did this knowing nothing was wrong with the victim's computer. The call center would then revictimize the victim calling back and seeking access to the victim's bank account to provide a purported refund. The call center would then claim to have accidentally

overpaid the victim's refund. The victim would view her checking account, which appeared to have additional money in it. The call center would then direct the victim to "return" the purported additional money to a specific bank account controlled by the defendant. Unbeknownst to the victim, this purported additional money was not an accidental refund but had been transferred from the victim's savings account to the victim's checking account by the call center actor. For example, one of the victims, M.G., a resident of Baton Rouge, Louisiana, sent $9,900 to the defendant in New York, believing she was "returning" an overpayment. While the funds were sent to the defendant's accounts, he did not instruct any victim to deposit money into his bank accounts nor did he provide any victim with his bank account information. That information was provided to the victims by other individuals.

In the Fall of 2016, S.S., a foreign national, contacted the defendant regarding a potential business venture-brokering lines of credit with U.S. banks. Following that connection, from December of 2016 to at least March of 2018, the defendant followed the instructions of S.S., who directed him to receive and send funds through his bank accounts. The defendant utilized fifteen (15) different bank accounts, personally and through business entities, to receive the fraud proceeds from the victims. On many occasions, the defendant followed the instructions of S.S. to distribute the funds sent to him by the victims, which he sent to foreign and domestic accounts.

In the Spring of 2018, the defendant learned that S.S. had been instructing him to receive and move money that were proceeds from a computer fraud scheme targeting the elderly. Prior to 2018, the defendant was not aware that these funds were from elderly victims.

After learning of this fraud scheme, the defendant did not as soon as possible, notify law enforcement of this wire fraud scheme. Further, the defendant attempted to conceal the wire fraud from law enforcement by closing his business bank accounts in 2018.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts are true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offenses to which the defendant has agreed to plead guilty. The defendant understands that,

by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

E. **BREACH AND ITS CONSEQUENCES**

    1. **Conduct Constituting Breach**

Any of the following actions by the defendant constitutes a material breach of this agreement:

    a. failing to plead guilty to the Bill of Information at arraignment;

    b. representing, directly or through counsel, to the United States or the Court that he will not plead guilty to the Bill of Information;

    c. moving to withdraw his guilty plea;

    d. filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

    e. disputing or denying guilt of the offenses to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

    f. failing or refusing to waive indictment in open court at arraignment;

    g. concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

    h. providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

    i. violating the terms of this agreement or the supplement to the plea agreement in any other manner.

### 2. Consequences of Breach

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by him counsel). The defendant is not entitled to withdraw his guilty plea.

### 3. Procedure for Establishing Breach

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial

determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

F. **WAIVERS BY THE DEFENDANT**

    1. **Waiver of Trial Rights**

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, the defendant is waiving these trial rights.

## 2. Waiver of Appeal and Collateral Remedies

Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

## 3. Waiver of Statute of Limitations

The defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Bill of Information and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding

that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4. **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to offense charged in the Bill of Information. The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

5. **Waiver of Venue**

The defendant hereby expressly waives any common law, equitable, or constitutional claim regarding venue as to the offense charged in the Bill of Information. The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

G. **EFFECT OF AGREEMENT**

1. **Effective Date**

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by the defendant, defendant's counsel, and an attorney for the

United States. Once signed by the defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on the defendant and the United States.

2. **Effect on Other Agreements**

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether the defendant is cooperating. The supplement either states that the defendant is not cooperating or provides the terms of the defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

3. **Effect on Other Authorities**

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

4. **Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement. If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court. If the Court rejects the plea agreement and the supplement, the defendant will be given the opportunity to withdraw his plea and such withdrawal will not constitute a breach of the agreement. If the defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

## H. REPRESENTATIONS AND SIGNATURES

### 1. By The Defendant

I, Mohammad Alam, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Bill of Information and discussed it with my attorney. I fully understand the nature of the charges, including the elements. I understand that I am entitled, under the Fifth Amendment of the United States Constitution, to have the charge instituted by a Grand Jury Indictment.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of the offense charged in the Bill of Information.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____        DATE: 3/10/22
Mohammed Alam
Defendant

2. **By Defense Counsel**

I have read the Bill of Information and this plea agreement and have discussed both with my client, Mohammad Alam, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and the charges against his, including the elements. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____        DATE: 3/21/22
Karl Ludwig
Counsel for Defendant

### 3. By the United States

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_[signature]_ DATE: 2-16-22
Ronald C. Gathe, Jr.
United States Attorney
Middle District of Louisiana

_[signature]_ DATE: 3/23/22
Jessica M.P. Thornhill
Assistant United States Attorney
Middle District of Louisiana